# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Michael Stokes, # 324518, | ) C/A No. 9:10-1711-CMC-BM |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Andrew Moorman, sued in his individual and official capacities, | ) |
| Defendants. | ) |

Plaintiff is a state prisoner in the South Carolina Department of Corrections' Perry Correctional Institution in Pelzer, SC, serving a twenty-year sentence for safecracking and burglary second degree after being convicted in Greenville County General Sessions Court in January 2008. Plaintiff, who is proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983,[1] seeking punitive damages and declaratory judgment against the former assistant solicitor in Greenville County who prosecuted him, alleging "malicious abuse of legal process in violation of statutory and state law and denial of due process and equal protection of the law in violation of the Fourteenth Amendment to

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using their badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417 (6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).



1

the Constitution." (Complaint 3).[2] Plaintiff files the action *in forma pauperis* under 28 U.S.C. § 1915.[3] Because Plaintiff's Complaint fails to state a claim upon which relief may be granted and because this case is duplicative of a previous case filed by Plaintiff, the Complaint should be dismissed without prejudice and without issuance and service of process.

## *Pro Se* **and** *In Forma Pauperis* **Review**

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). A finding of frivolity can

---

[2] Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

[3] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) and (e), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.



2

be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

Plaintiff alleges that Defendant "committed an act of perjury against public justice when he submitted false and misleading information to the court concerning thirty (30) indictments" which "were defective because they weren't procured while court was in session." (Complaint 5). "Plaintiff contends that Defendant knowingly, and willingly committed an act of malicious abuse of the legal process" when he "prepared and processed" these defective indictments against Plaintiff during October 2006, February 2007, and September 2007. (Complaint 4-5). The Complaint alleges that the indictments were signed by Defendant and affixed with a true bill stamp, but "were invalidated in plaintiff's favor" on January 29, 2008. (Complaint 4). Plaintiff contends that



3

Defendant, who is sued in both his individual and official capacities, acted "beyond the scope of his duties and authority, in clear violation of statutory, state, and federal law and far removed from the discretionary areas of the judicial process traditionally protected by the quasi-judicial immunity doctrine." (Complaint 5). Plaintiff specifically alleges that "the immunity doctrine is not applicable." (Complaint 5).[4] It appears that Plaintiff pled guilty to an escape charge in October 2007 and was sentenced to eighteen months. Then, Plaintiff was convicted of safecracking and burglary at a jury trial on January 23, 2008 and sentenced to twenty years and fifteen years, respectively, after which the remaining indictments against him were *nolle prossed* by the Solicitor's Office with the notation "pled guilty to other charges." *See* Greenville County Thirteenth Judicial Circuit Public Index Search Web page, http://www.greenvillecounty.org/scjd/publicindex/disclaim23.asp, enter "Charles Michael Stokes" and "search public index," then click on "case number"(last visited Aug. 2, 2010).[5]

Plaintiff previously brought a § 1983 action in this Court (Civil Action No. 9:10-1168-CMC-BM) against this Defendant and thirteen other defendants (police and sheriff's

---

[4] Although the Court is bound to liberally construe his *pro se* complaint, Plaintiff must do more than make conclusory statements to support his claim. *See Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995). *See also White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion").

[5] The court may take judicial notice of factual information located in postings on government websites. *See McCormick v. Wright,* C.A. No. 2:10-cv-00033-RBH-RSC, 2010 U.S. Dist. LEXIS 13799 at *6-7 n. 5(D. S.C. Jan. 15, 2010) adopted by, dismissed without prejudice by *McCormick v. Wright*, 2010 U.S. Dist. LEXIS 13726 (D.S.C., Feb. 17, 2010); *In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 U.S. Dist. LEXIS 86538 at *2 (E.D. La. Sept. 8, 2008)(noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, 585 F. Supp. 2d 679, 685-89 (D. Md. 2008)(noting that some courts have found postings on government websites as inherently authentic or self-authenticating).



4

department investigators, grand jury members, and grand jury witnesses), involving the same operative facts. That case was summarily dismissed without prejudice on June 8, 2010, based on the defendants' prosecutorial, grand juror, and witness immunity.[6] The instant Complaint concerns the same alleged facts and constitutional violations as in Civil Action No. 9:10-1168-CMC-BM, but attempts to state a viable § 1983 claim and circumvent the basis on which Plaintiff's prior lawsuit was dismissed. However, the individual-capacity and official-capacity claims against Defendant are subject to dismissal on the same grounds as was the previous complaint, *i.e.* they are barred by Defendant's absolute prosecutorial immunity[7] under *Van de Kamp v. Goldstein*, _ U.S. _ , 129 S.Ct. 855 (2009); *Kalina v. Fletcher,* 522 U.S. 118 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed,* 500 U.S. 478 (1991); *Imbler v. Pachtman*,424 U.S. 416 (1976); *Dababnah v. Keller-Burnside,* 208 F.3d 467 (4th Cir. 2000); and *Carter v. Burch,* 34 F.3d 257 (4th Cir. 1994). Defendant is immune from any suit seeking monetary damages under § 1983 because he was engaged in prosecutorial functions "intimately associated with the judicial phase of the criminal process" when he presented criminal charges against Plaintiff to the grand jury for indictment and prosecuted Defendant's cases in court. *See Imbler*, 424 U.S. at 430.

---

[6] This court takes judicial notice of Civil Action No. 9:10-1168-CMC-BM. A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding). *See also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949). In *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970), the United States Court of Appeals for the Fifth Circuit commented: "The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."

[7] *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").



5

In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. Const., art. V, § 24; S.C. Code Ann, § 1-7-310. Solicitors are elected by voters of a judicial circuit and have absolute immunity for their prosecution-related activities in or connected with judicial proceedings, when acting as "an officer of the court" as opposed to when engaging in investigative or administrative tasks. *See Van de Kamp*, 129 S.Ct at 861. Such protected activities include, but are not limited to, prosecutorial actions and decisions related to the Solicitor's participation in a criminal trial, bond hearings, grand jury proceedings, pre-trial motions hearings, and ancillary civil proceedings.[8] *See Van de Kamp v. Goldstein,* _ U.S. _ , 129 S.Ct. 855 (2009)(absolute immunity applies when a prosecutor is involved in supervision or training of prosecutors or management of a trial-related information system); *Kalina v. Fletcher,* 522 U.S. 118 (1997)(absolute immunity applies when a prosecutor appears in court to present evidence in support of a search warrant application, but not when a prosecutor acts as a complaining witness in support of a warrant application); *Buckley v. Fitzsimmons,* 509 U.S. 259 (1993)(absolute immunity does not apply when a prosecutor fabricates evidence during the preliminary investigation of an unsolved crime or makes false statements to the press); *Burns v. Reed,* 500 U.S. 478 (1991)(absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, but not when a prosecutor gives advice to police during a criminal investigation); *Imbler v. Pachtman,* 424 U.S. 416 (1976)(absolute immunity applies when a state prosecutor, acting within the scope of his duties in initiating and

---

[8] Moreover, prosecutorial immunity extends to the direct appeal and the post-conviction case. *See Carter v. South Carolina,* C/A No. 6:99-3876-AOAK,1999 U.S. Dist. LEXIS 21930 at *14 (D.S.C. Dec. 7, 1999); *Bruce v. Wade,* 537 F.2d 850, 852 (5th Cir. 1976), where the Court concluded that an attorney representing a government in a habeas corpus or post-conviction case has absolute prosecutorial immunity; and *Henzel v. Gerstein,* 608 F.2d 654, 657 (5th Cir. 1979)(prosecutorial immunity extends to appeals). *Cf. Lowe v. Letsinger,* 772 F.2d 308, 314-315 & n. 7 (7th Cir. 1985); and *Houston v. Partee,* 978 F.2d 362, 365-369 & nn. 3-4, (7th Cir. 1992).



pursuing a criminal prosecution and in presenting the state's case, despite allegations that he knowingly used perjured testimony, deliberately withheld exculpatory information, and failed to make full disclosure of all facts casting doubt upon the state's testimony); *Dababnah v. Keller-Burnside,* 208 F.3d 467 (4th Cir. 2000)(absolute immunity applies when a prosecutor seeks a defendant's extradition and requests a court order to secure the defendant's property); *Carter v. Burch,* 34 F.3d 257 (4th Cir. 1994)(absolute immunity applies when a prosecutor is alleged to have withheld exculpatory evidence and conspired to present false testimony during trial); *Hart v. Jefferson County,* Civil No. 94-655-FR, 1995 U.S. Dist. LEXIS 147437 (D. Ore. June 15, 1995)(allegations by plaintiff of malicious motives on the part of a prosecutor are insufficient to overcome absolute prosecutorial immunity for all of the acts done in his official capacity). Absolute immunity extends to "persons working under [a prosecutor's] direction, when they function as advocates for the state" and are clearly associated with the judicial process. *Bernard v. County of Suffolk,* 356 F.3d 495, 502 (2d Cir. 2004). In the instant case, it is clear that the allegations against Defendant are all based on his performance of prosecutorial activities as an advocate and officer of the court in Plaintiff's criminal cases. Thus, it is also clear that absolute prosecutorial immunity applies and precludes Plaintiff from seeking monetary damages from Defendant.

Even if absolute prosecutorial immunity did not bar Plaintiff's suit against Defendant for damages under § 1983, Plaintiff's claim for punitive damages against Defendant in his official capacity is also subject to dismissal, under *Hafer v. Melo,* 502 U.S. 21 (1991) and *Will v. Michigan Dept. of State Police,* 491 U.S. 58 (1989), because state officers sued for damages under § 1983 in their official capacities are not "persons" for purposes of the suit, since they assume the identity of



7

the government that employs them.[9] In *Hafer*, the United States Supreme Court noted that a suit against a state official in his official capacity should be treated as a suit against the State. *Hafer*, 502 U.S. at 25. The court stated that "official-capacity suits 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Id.* (quoting *Kentucky v. Graham*, 473 U.S. 159 (1985)). A defendant who is sued in an official capacity action is entitled to the immunities that the governmental entity possesses. This District Court has previously held that a Circuit Solicitor's Office is an integral part of the State of South Carolina and is thus immune from a suit for damages under the Eleventh Amendment to the United States Constitution.[10] *See Olszowy*

---

[9] State officials are considered "persons" within the meaning of § 1983 when sued in their individual capacities and may be held personally liable for damages under § 1983 for their official actions, unless they have immunity from suit because they are carrying out legislative or judicial functions. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991).

[10] The Eleventh Amendment divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Under *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984), a State must expressly consent to suit in a federal district court. The State of South Carolina has not consented to suit in a federal court. *See* South Carolina Tort Claims Act, § 15-78-20(e), South Carolina Code of Laws, which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State. *See also McCall v. Batson*, 285 S.C. 243, 329 S.E.2d 741, 743 (1985)(opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). *Cf. Pennhurst State School & Hospital v. Halderman*, 465 U.S. at 121 ("neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").

The United States Supreme Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court. *See, e. g., Ford Motor Co. v. Department of Treasury of Indiana*, 323 U.S. 459, 464 (1945). This bar remains in effect when state officials are sued for damages in their official capacity. *Cory v. White*, 457 U.S. 85, 90 (1982); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).



8

*v. Schmutz*, C.A. No. 9:09-01662-PMD-BM, 2009 U.S. Dist. LEXIS 102222 at *14 (D.S.C. Nov. 3, 2009)(the Ninth Judicial Circuit Solicitor's office is an integral part of the State of South Carolina and is immune from a § 1983 suit under the Eleventh Amendment)(citing *Williams v. State of South Carolina*, C/A No. 0:06-2590-CMC-BM Report & Recommendation (D.S.C. Nov. 13, 2006) adopted and incorporated by reference in *Williams v. State of South Carolina*, 2006 U.S. Dist. LEXIS 93287 (D.S.C. Dec. 22, 2006))(since the Third Judicial Circuit Solicitor's Office is an integral part of the State of South Carolina, it also has Eleventh Amendment immunity). Here, Plaintiff's claim against Defendant in his official capacity can clearly be construed as an attempt to state a claim against the Thirteenth Circuit Solicitor's Office, of which Defendant is an agent. *See Kentucky v. Graham*, 473 U.S. at 165. However, Plaintiff's claim fails because Defendant, in his official capacity, is entitled to the Eleventh Amendment immunity from suit that is afforded to his employer, the Thirteenth Circuit Solicitor's Office.[11]

---

That is so because "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Brandon v. Holt*, 469 U.S. 464, 471 (1985). *See Kentucky v. Graham*, 473 U.S. at 169.

[11] Even if Defendant, in his official capacity as an Assistant Solicitor in the Thirteenth Circuit Solicitor's Office, were not afforded immunity under the Eleventh Amendment because the Solicitor's Office is not considered to be an integral part of the State of South Carolina but, instead, an agency of the County of Greenville, Plaintiff's Complaint would still be subject to summary dismissal because Plaintiff fails to plead a claim against Greenville County. Under *Monell v. City of New York Dep't of Soc. Servs.*, 436 U.S. 658 (1978), a county's or municipality's liability "arises only where the constitutionally offensive actions of employees are taken in furtherance of some municipal 'policy or custom.'" *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir. 1984). Thus, a plaintiff is obliged to "identify a municipal 'policy,' or 'custom' that caused [his] injury." *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997) (quoting *Monell*, 436 U.S. at 694. Plaintiff's Complaint alleges that Defendant's actions were "beyond the scope of his duties and authority, in clear violation of law and far removed from the discretionary areas of the judicial process" (Complaint 5), thus Plaintiff has "failed to make any allegations in [his] complaint in regards to the existence of the county's policy, custom, or practice, therefore failing to plead" a viable *Monell* claim. *See Walker v.*

9



Judicial immunity and quasi-judicial immunity do not extend to declaratory and injunctive relief. *See Supreme Court of Virginia v. Consumers Union of the United States, Inc.*, 446 U.S. 719, 735-37 (1980)(citing *Gerstein v. Pugh*, 420 U.S. 103, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975)). (The 1996 amendments to § 1983 superseded *Consumers Union* with respect to injunctive relief. *See Arena v. Dep't of Soc. Servs.*, 216 F. Supp. 2d 146, 154 (E.D.N.Y. 2002).) Thus, Defendant's absolute prosecutorial immunity is not a bar to Plaintiff's claim against him for declaratory relief. However, "district courts have great latitude in determining whether to assert jurisdiction over declaratory judgment actions." *United Capitoal Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998). The declaratory judgment sought here by Plaintiff is not declaratory relief in the true legal sense (*see* Fed. R. Civ. P. 57, 28 U.S.C. § 2201) and Plaintiff's Complaint is not an appropriate pleading which states the type of "case of actual controversy" required to invoke the jurisdiction of this Court to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. 2201(a). Plaintiff's Complaint asks (verbatim) that the Court:

> Issue a declaratory judgment stating that: The defendant violated plaintiff's procedural due process, and equal protection of the law rights pursuant to the Fourteenth Amendment to the United States Constitution, by submitting false and misleading information to the court concerning plaintiff's indictments and thereby, committed an act of perjury against public justice, and activity beyond the scope of his duties and authority, in clear violation of statutory, state, and federal law and far removed from the discretionary areas of the

---

*Prince George's County*, 575 F.3d 426, 431 (4th Cir. 2009)(citing *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999)). In *Walker*, the Fourth Circuit stated "As the Supreme Court has recently explained, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Ashcroft v. Iqbal*, 556 U.S. __, ___, 129 S. Ct. 1937, 1949 (2009). And "[w]e are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949-1950." *Walker*, 575 F.3d at 431.



judicial process traditionally protected by the quasi-judicial immunity doctrine. (Complaint 6).

"Declaratory judgments, however, are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct." *Johnson v. McCuskey*, 72 Fed. Appx. 475, 477 (7th Cir. 2003) (citing *Bontkowski v. Smith*, 305 F.3d 757, 761 (7th Cir.2002); 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2751 (3d ed.1998)). "Declaratory judgments are not meant simply to proclaim that one party is liable to another." *Id.* (citing *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1553-54 (Fed.Cir.1994) (en banc) (concluding that the plaintiff's prayer for a "declaration" of a regulatory taking was "different from a formal declaration under the Declaratory Judgment Act")). Plaintiff is not entitled to the declaratory relief that he seeks in the instant Complaint because he does not ask the Court to define the parties' rights in the future, he seeks merely a declaration from the Court that Defendant violated his rights in the past . *See Abebe v. Richland County*, C/A No. 2:09-02469-MBS-RSC, 2009 U.S. Dist. LEXIS 127408 at *11-12 (D.S.C. Oct. 8, 2009)(plaintiff's request for declaratory judgment "misses the mark" when he asks the court for declarations that the acts and omissions described in the complaint violated his rights under the constitution). *See also Wise v. United States*, C/A No. 6:09-1376-HFF-WMC, 2009 U.S. Dist. LEXIS 87504 at *10 (D.S.C. June 24, 2009)("Plaintiff's request in his amended complaint for a declaratory judgment is nothing more than a request to establish the liability of the defendants on his claims. Plaintiff is not entitled to the "declaratory" relief that he seeks."). Consequently, Plaintiff's Complaint, insofar as it seeks a declaration that Defendant, while acting in his individual and/or official capacities as Assistant Solicitor of the



11

Thirteenth Judicial Circuit, violated Plaintiff's rights to due process and equal protection under the Fourteenth Amendment, should be dismissed.

Finally, even if Plaintiff's Complaint were not barred by Defendant's absolute prosecutorial immunity and Eleventh Amendment immunity, and by the undersigned's determination that this is not a proper case for the District Court to exercise its discretionary jurisdiction under 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, the instant Complaint is subject to dismissal because it fails to allege sufficient facts to state a claim for malicious prosecution under § 1983. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), in order to recover damages for an allegedly unconstitutional prosecution, a § 1983 Plaintiff must prove that the criminal charges on which the claim is based were resolved in his favor.[12] *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996)(claim for malicious prosecution does "not accrue until a favorable termination is

---

[12] A § 1983 claim for malicious prosecution incorporates the common law elements of that same cause. *See Burrell v. Virginia*, 395 F.3d 508, 514 (4th Cir. 2005). That does not mean, however, that the plaintiff must satisfy the specific elements of a South Carolina state cause of action for malicious prosecution. A malicious prosecution claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort. *See id; Lambert v. Williams*, 223 F.3d 257, 261-62 & n.2 (4th Cir. 2000). To say that a § 1983 claim incorporates the common law elements is to simply require "that the defendant have 'seized [plaintiff] pursuant to legal process that was not supported by probable cause and that the criminal proceedings [have] terminated in [plaintiff's] favor.'" *Burrell*, 395 F.3d at 514 (quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183-84 (4th Cir.1996)). In fact, other more specific elements, such as malice, have been expressly rejected as not a part of the showing necessary to establish a § 1983 malicious prosecution claim. *See Lambert*, 223 F.3d at 262 n.2(quoting *Brooks*, 85 F.3d at 184 n.5) ("We found, for instance, that malice was not an element of the § 1983 claim since the reasonableness of a seizure under Fourth Amendment jurisprudence 'should be analyzed from an objective perspective.'"). The Fourth Circuit has emphasized that "although we styled the claim as a § 1983 malicious prosecution claim and incorporated common law elements, we did not treat the claim as separate and distinct from the appellant's constitutional allegations." *Id.* at 261-62. Rather, "the foundation for [a malicious prosecution] claim was 'a seizure that was violative of the Fourth Amendment.'" *Id.* at 262.

obtained"). In *McKenney v. Jack Eckerd Co.*, 304 S.C. 21, 402 S.E.2d 887 (S.C. 1991), the South Carolina Supreme Court held that "where an accused establishes that charges were *nolle prossed* for reasons which imply or are consistent with innocence, an action for malicious prosecution may be maintained." *McKenney*, 402 S.E.2d at 888. In *Law v. S.C. Dep't. of Corr.*, 368 S.C. 424, 629 S.E.2d 642 (2006), the South Carolina Supreme Court held that a dismissal of state criminal charges by *nolle prosse* because "the arresting agency had chosen to pursue the charges in federal court . . . does not imply and is not consistent with . . . innocence." *Law*, 368 S.C. at 436. In *Nicholas v. Wal-Mart Stores, Inc.*, 33 Fed. Appx. 61 (4th Cir. 2002), the Fourth Circuit, applying South Carolina law in a malicious prosecution case, held that the plaintiff has the affirmative burden of proving that the *nolle prosequi* was entered under circumstances which imply or are consistent with innocence of the accused. *Nicholas v. Wal-Mart Stores, Inc.*, 33 Fed. Appx. at 64-65. "The circumstances surrounding the abandonment of the criminal proceedings must compel an inference that there existed a lack of reasonable grounds to pursue the criminal prosecution. Otherwise, every time criminal charges are dismissed by *nolle prosequi*, a civil malicious prosecution action could result." *Id. See Campbell v. Smith*, Civil Action No. 9:08-4078-DCN-BM, 2009 U.S. Dist. LEXIS 103247 at *18-20 (D.S.C., Oct. 1, 2009), affirmed by, summary judgment granted by, dismissed by *Campbell v. Smith*, 2009 U.S. Dist. LEXIS 103137 (D.S.C. Nov. 4, 2009)(plaintiff's entry of a guilty plea to some charges, with the remaining charges then being dismissed or *nol prossed*, is not a favorable disposition of the other charges, under South Carolina law); *Medows v. City of Cayce*, Civil Action No. 3:07-409-HFF-BHH, 2008 U.S. Dist. LEXIS 112487 at *9 (D.S.C. Feb. 28, 2008) adopted by, objection overruled by, summary judgment granted by *Medows v. City of Cayce*, 2008 U.S. Dist. LEXIS 52936 (D.S.C. June 24, 2008)( *nolle prosse* "with leave to re-indict" is not a



13

circumstance which implies or is consistent with the innocence of the accused)(citing *Jackson v. Gable*, Civil Action No. 0:05-2592-HFF-BM, 2006 U.S. Dist. LEXIS 35169, 2006 WL 1487047 at *6 (D.S.C. May 25, 2006); *Hudson v. Sims*, C/A No. 3:06-2115-GRA-JRM, 2006 U.S. Dist. LEXIS 89948 at *3 (D.S.C. Sept. 25, 2006)(where plaintiff produced no evidence that *nolle prosequi* was entered under circumstances indicative of his innocence, magistrate's recommendation that suit be dismissed without prejudice was adopted by district court).

Plaintiff's Complaint alleges only that "on January 29, 2008 all of the above mentioned judicial proceedings were invalidated in plaintiff's favor." (Complaint 4). However, the undersigned takes judicial notice of the fact that Plaintiff, in his previous case in this Court (Civil Action No. 9:10-1168-CMC-BM), alleged:

> On January 23, 2008 Plaintiff went to trial on similar, but unrelated indictments, was found guilty, and sentenced to a term of prison in the South Carolina Department of Corrections. Upon arrival at Perry C.I. Plaintiff was informed that he had 30 pending indictments in Greenville County. After filing numerous motions, "motion for a fast and speedy trial," "motion for immediate disposition," and a "motion to squash," Plaintiff received a letter dated July 8, 2008 from the Solicitor's Office, informing him that all pending indictments had been dismissed shortly after his January 23, 2008 conviction." (Complaint at 7. Docket Entry 1. Civil Action No. 9:10-1168-CMC-BM).

The "court records search information" posted on the Greenville County Thirteenth Judicial Circuit Public Index Search Web page (of which the undersigned also takes judicial notice, as previously noted) indicates that the indictments which are the subject of the instant Complaint have a "status" of "indictment ended," a "disposition date" of "January 31, 2008," a "disposition judge" of "Solicitor," and a "disposition" of "pled guilty to other charges ended." *See* Greenville County Thirteenth Judicial Circuit Public Index Web page,

14

http://www.greenvillecounty.org/scjd/publicindex/disclaim23.asp, enter "Charles Michael Stokes" and "search public index," then click on "case number"(last visited Aug. 2, 2010). The fact that the subject indictments were dismissed by the Solicitor's Office's entry of a *nolle prosequi,* after Plaintiff pled guilty to an escape indictment in October 2007 and received a sentence of eighteen months imprisonment, and after Plaintiff was convicted of two similar indicted crimes at a trial in January 2008 and received a sentence of twenty years imprisonment, does not constitute a circumstance which implies or is consistent with the innocence of Plaintiff. Therefore, because Plaintiff's Complaint fails to allege the required elements of a viable malicious prosecution claim under § 1983, the Complaint should be dismissed.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe,* 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville,* 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

August 16, 2010
Charleston, South Carolina

15

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



16